08 CIV 9830

JUDGE RAKOFF

RECEIVED
NOV 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL WRIGHT p/k/a WONDER MIKE and GUY O'BRIEN p/k/a MASTER G, collectively p/k/a THE SUGARHILL GANG,

Plaintiffs

vs.

JOSEPH ROBINSON, JR., SUGAR HILL MUSIC PUBLISHING, LTD., GAMBI MUSIC, INC., DIAMOND HEAD MUSIC INC d/b/a TWENTY NINE BLACK MUSIC, SYLVIA ROBINSON and SYLVIA, INC.

Defendants.

**Civil Action No.:**

**Complaint and Demand For Jury Trial**

Plaintiffs MICHAEL WRIGHT p/k/a WONDER MIKE and GUY O'BRIEN p/k/a MASTER G, collectively p/k/a THE SUGARHILL GANG, through their undersigned attorneys Baker & Hostetler LLP, hereby complain of defendants as follows:

**Nature of the Action**

**1.** By this action, iconic rap recording artists the Sugarhill Gang -- famous as the pioneers of the musical genre of Rap -- seek to protect their rights in their names and likenesses, and other remedies for defendants' acts of trademark infringement, and theft of plaintiffs' identities as performers and recording artists. Furthermore, despite the huge success of plaintiffs' compositions, which have generated millions of dollars in profits -- and which defendants continue to sell, license to third parties and promote -- defendants have failed to pay plaintiffs the royalties they are owed under the parties' agreements. Because defendants have failed to remedy their wrongdoing despite plaintiffs' repeated requests, plaintiffs have been forced to bring this lawsuit to protect his rights.

## Jurisdictional Statement

2. This action arises under the Lanham Act 15 U.S.C. § 1125, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the laws of the state of New York. Jurisdiction is conferred by 28 U.S.C. §§ 1331, 1338 & 1367(a).

## Parties

3. Plaintiff Michael Wright p/k/a Wonder Mike ("Wright") and Plaintiff Guy O'Brien p/k/a Master G ("O'Brien"), always have been members of the musical group known as the Sugarhill Gang.

4. Wright and O'Brien commenced the use of their professional names "Wonder Mike" and "Master G/Master Gee" in the mid 1970's before they became members of the Sugarhill Gang.

5. The musical group Sugarhill Gang originally consisted of Wright, O'Brien and Henry Jackson p/k/a "Big Bang Hank" ("Jackson").

6. The Sugarhill Gang is credited with inaugurating the history of recorded rap music with their recording of the musical composition, Rapper's Delight. Rappers Delight was a multi-platinum seller and worldwide hit in the late 1970's and early 1980's. Upon information and belief, the single Rapper's Delight sold over 10,000,000 copies worldwide.

7. Through their recording of Rapper's Delight, and then their continued recording and performances, plaintiffs have gained widespread recognition as the progenitors of one of the major musical genres – rap or "hip-hop".

8. Rapper's Delight consists of vocal performances and background music. Wright wrote the lyrics that he performed under his pseudonym, "Wonder Mike" and O'Brien wrote the lyrics that he performed under his pseudonym, "Master G/Master Gee". Upon information and belief, the lyrics performed by Jackson were written by Curtis Brown, p/k/a Grand Master Caz. Plaintiffs were not involved in writing (or selecting) the non-lyrical portion of Rapper's Delight.

9. Wright has continued to write compositions, record and perform as a member of the Sugarhill Gang since 1979. At all such times, Wright has recorded and performed under his pseudonym "Wonder Mike." At all such time the relevant purchasing public has referred to Wright as "Wonder Mike."

10. O'Brien has continued to write compositions, record and perform as a member of the Sugarhill Gang since 1979. At all such times, O'Brien has recorded and performed under his pseudonym "Master G/Master Gee." At all such time the relevant purchasing public has referred to O'Brien as "Master G/Master Gee." The compositions written by Wright and O'Brien as members of the Sugarhill Gang will be referred to herein as the "Compositions."

11. Upon information and belief defendant Joseph Robinson, Jr. ("Robinson") is an individual residing at 443 Liberty Road, Englewood, New Jersey.

12. Upon information and belief defendant Sylvia Robinson is an individual residing at 443 Liberty Road, Englewood, New Jersey.

13. Upon information and belief defendant Sugar Hill Music Publishing, Ltd. ("Sugar Hill") is a corporation organized and existing under the laws of the state of New Jersey with a principle place of business at 443 Liberty Road, Englewood, New Jersey.

14. Upon information and belief defendant Diamond Head Music, Inc. d/b/a Twenty Nine Black Music ("Diamond Head") is a corporation organized and existing under the laws of the state of New Jersey with a principle place of business at 443 Liberty Road, Englewood, New Jersey.

15. Upon information and belief defendant Gambi Music ("Gambi") is a corporation organized and existing under the laws of the state of New Jersey with a principle place of business at 443 Liberty Road, Englewood, New Jersey.

16. Upon information and belief defendant Sylvia, Inc. ("Sylvia") is a corporation organized and existing under the laws of the state of New Jersey with a principle place of business at 443 Liberty Road, Englewood, New Jersey.

17. Upon information and belief, except where so stated differently, as to the alleged improper conduct, the acts of each defendant are the acts of all other defendants.

18. Upon information and belief, Sugar Hill, Diamond Head, Sylvia and Gambi are the mere alter egos of Robinson and Sylvia.

19. Upon information and belief, defendants Sugar Hill, Diamond Head and Robinson (collectively, "Defendants" or "defendants") transact substantial business in this judicial district and derive substantial revenues from business in this judicial district. Upon information and belief, the alleged conduct of defendants complained of herein has occurred in various locals, including in this judicial district.

20. Venue is proper in this judicial district as it is the location of a substantial part of the events or omissions giving rise to the claim occurred and it is a judicial district in which all defendants may be found.

**As and For A First Cause of Action – Declaratory Judgment that**
**<u>Wright, not Robinson owns the Trademark "Wonder Mike"</u>**

**21.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**22.** This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

**23.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**24.** Wright is the owner of the trademark "Wonder Mike" when used in connection with entertainment services.

**25.** Wright has used the trademark "Wonder Mike" in connection with entertainment services for more than twenty five (25) years. Upon information and belief, for more than twenty-five (25) years, Robinson has been aware that Wright has used the professional name "Wonder Mike."

**26.** In connection with entertainment services, the relevant purchasing public associates "Wonder Mike" with Wright.

**27.** Upon information and belief, defendant Robinson alleges that he is an "original" member of the Sugarhill Gang.

**28.** Upon information and belief, at concerts wherein Robinson performs, he lip synchs without informing the audience that he is doing so.

**29.** Upon information and belief, Robinson has been urging that he and others are the owners of and have the right to perform under the name "Wonder Mike."

**30.** Upon information and belief, with full knowledge of Wright's trademark rights, Robinson filed trademark application 78/623965 for the trademark "Wonder Mike" for use in

connection with entertainment services. At no time herein did Robinson ever inform Wright that he filed a trademark application for Wright's professional name -- "Wonder Mike."

**31.** Upon information and belief, in connection with trademark application 78/623965, and in order to convince the United States Patent and Trademark Office (the "PTO") to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Wonder Mike" does not refer to a living individual.

**32.** Upon information and belief, at times prior to this action and prior to the filing of the trademark application, Robinson appeared and performed with Wright as members of the Sugarhill Gang, and at each performance, Wright was referred to as "Wonder Mike."

**33.** Upon information and belief, on at least two (2) separate instances, Robinson and Wright were co-plaintiffs in legal actions of and concerning the Sugarhill Gang wherein Wright was referred to as a member of the Sugarhill Gang and by his professional name "Wonder Mike." In these actions, Robinson and Wright were represented by the law firm Cinque & Cinque.

**34.** Upon information and belief, in reliance on Robinson's declaration, on or about August 18, 2006, the PTO allowed Robinson's application 78/623965 for "Wonder Mike" to proceed to publication.

**35.** On or about November 6, 2007, the PTO granted Robinson's trademark application and assigned registration no. 3331015 to "Wonder Mike."

**36.** Robinson has no rights in and/or to the trademark "Wonder Mike."

**37.** By reason of Robinson's claims of trademark ownership, the denial of those claims as set forth herein, a controversy that is justiciable in nature exists between Wright and Robinson with respect to the ownership of the trademark "Wonder Mike."

**As and For A Second Cause of Action – Declaratory Judgment that O'Brien, not Robinson owns the Trademarks "Master G" and "Master Gee"**

**38.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**39.** This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

**40.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**41.** O'Brien is the owner of the trademarks "Master Gee" and "Master G" when used in connection with entertainment services.

**42.** O'Brien has used the trademark "Master Gee" and "Master G" in connection with entertainment services for more than twenty five (25) years. Upon information and belief, for more than twenty-five (25) years, Robinson has been aware that O'Brien has used the professional name "Master G" or "Master Gee."

**43.** In connection with entertainment services, the relevant purchasing public associates "Master Gee" and "Master G" with O'Brien.

**44.** Upon information and belief, Robinson has been urging that he and others are the owners of and have the right to perform under the names "Master Gee" and "Master G."

**45.** Upon information and belief, with full knowledge of O'Brien's trademark rights, Robinson filed trademark application 78/623950 for the trademark "Master G" for use in connection with entertainment services. At no time herein did Robinson ever inform O'Brien that he filed a trademark application for O'Brien's professional name -- "Master G" or "master Gee."

**46.** Upon information and belief, in connection with trademark application 78/623950, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Master G" does not refer to a living individual.

**47.** Upon information and belief, in reliance on Robinson's false declaration, on or about July 15, 2006, the PTO allowed Robinson's application 78/623950 for "Master G" to proceed to publication.

**48.** On or about October 23, 2007, the PTO granted Robinson's trademark application and assigned registration no. 3319985 to "Master G."

**49.** Upon information and belief, with full knowledge of O'Brien's trademark rights, Robinson filed trademark application 78/623958 for the trademark "Master Gee" for use in connection with entertainment services.

**50.** Upon information and belief, in connection with trademark application 78/623958, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that "Master Gee" does not refer to a living individual.

**51.** Upon information and belief, in reliance on Robinson's false declaration, on or about July 25, 2006, the PTO allowed Robinson's application 78/623958 for "Master Gee" to proceed to publication. As of this date of this filing, the PTO has not issued a registration number to Robinson for "Master Gee."

**52.** Robinson has no rights in and/or to the trademarks "Master G" and "Master Gee."

**53.** By reason of Robinson's claims of trademark ownership, the denial of those claims as set forth herein, a controversy that is justiciable in nature exists between O'Brien and Robinson with respect to the ownership of the trademarks "Master G" and "Master Gee."

**As and For A Third Cause of Action –**
**<u>Trademark Infringement</u>**

**54.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**55.** This cause of action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

**56.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331 and 1338.

**57.** Upon information and belief, Defendants have been performing with the trade name and/or compelling others to perform under the name "Wonder Mike."

**58.** Upon information and belief, Defendants have been performing with the trade name and/or compelling others to perform under the name "Master Gee."

**59.** Upon information and belief, Defendants have been performing with the trade name and/or compelling others to perform under the name "Master G."

**60.** Upon information and belief, Defendants' conduct has been in violation of plaintiffs' rights in and to their trademarks.

**61.** Upon information and belief, Defendants' conduct has resulted in significant consumer confusion.

**62.** Upon information and belief, Defendants' conduct has resulted in significant consumers believing that Robinson and or others operating at his direction, are plaintiffs.

**63.** Upon information and belief, Defendants' conduct has resulted in significant consumers believing that Robinson and or others operating at his direction, are affiliated with, or otherwise approved, endorsed and/or sponsored by plaintiffs.

**64.** Upon information and belief, Robinson is considered to be an inadequate performer.

**65.** Upon information and belief, Robinson deceives the audience into believing that he is performing when he is only "lip-synching".

**66.** Upon information and belief, audiences that see Robinson and/or others that are operating at Defendants' direction performing under the names "Master Gee" "Master G" and/or "Wonder Mike" believe that they are viewing an inferior product.

**67.** Upon information and belief, by his acts, Defendants are infringing plaintiffs' trademark and engaging in unfair competition, all in violation of 15 U.S.C. § 1125.

**68.** As a direct and proximate result of Defendants' objectionable and unlawful conduct, plaintiffs have been damaged in an amount to be determined at trial.

**As and For A Fourth Cause of Action – Declaratory Judgment that Plaintiffs owns the Trademark "The Sugarhill Gang"**

**69.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**70.** This cause of action arises under the under 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 et seq.

**71.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**72.** O'Brien and Wright have been performing under the trade name "Sugarhill Gang" for more than twenty five (25) years.

**73.** In connection with musical performances, the relevant purchasing public associates plaintiffs with the name "Sugarhill Gang."

**74.** Upon information and belief, Defendants have been urging that Robinson and others are the owners of and have the right to perform under the name "Sugarhill Gang."

**75.** Upon information and belief, with full knowledge of plaintiffs' trademark rights, Robinson filed trademark application 78/082064, which matured into registration number 2,663,293 for the trademark "Sugarhill Gang" for use in connection with entertainment services.

**76.** Upon information and belief, in connection with trademark application 78/082064, and in order to convince the United States Patent and Trademark Office to allow his registration of the trademark, Robinson falsely alleged, under oath, that no other individuals have the right to use the trademark "Sugarhill Gang."

**77.** Upon information and belief, in reliance on Robinson's false declaration, the PTO granted said registration.

**78.** Robinson has no rights in and/or to the trademark "Sugarhill Gang."

**79.** By reason of Defendants' claims of trademark ownership, the denial of those claims as set forth herein, a controversy that is justiciable in nature exists between Plaintiffs and Robinson with respect to the ownership of the trademarks "Sugarhill Gang."

**As and For A Fifth Cause of Action –**
**<u>Trademark Infringement</u>**

**80.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**81.** This cause of action arises under the under the Lanham Act, 15 U.S.C. § 1051 et seq.

**82.** Subject matter jurisdiction for this claim is based on 28 U.S.C. §§ 1331, and 1338.

**83.** Plaintiffs have the right to perform under the name "Sugarhill Gang".

**84.** Upon information and belief, Defendants and/or their agents have written to third parties alleging that plaintiffs do not have the right to use the name "Sugarhill Gang".

**85.** Upon information and belief, Defendants and/or their agents have misrepresented the nature of plaintiffs' music performing services, and have told others that plaintiffs are not the Sugarhill Gang.

**86.** Upon information and belief, Defendants and/or their agents have made the foregoing statements in commerce.

**87.** Upon information and belief, the statements by Defendants and/or their agents have confused the relevant purchasing public.

**88.** Upon information and belief, the statements by Defendants and/or their agents have damaged plaintiffs in an amount to be determined at trial.

**As and For A Sixth Cause of Action –**
**<u>Breach of Contract and Rescission</u>**

**89.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**90.** This cause of action arises under the laws of the state of New York.

**91.** Subject matter jurisdiction for this cause of action exists pursuant to 28 U.S.C. § 1367.

**92.** Defendants claim to be plaintiffs' successor in interest to the copyright ownership of the Compositions pursuant to an alleged songwriter agreement with plaintiffs, under which Defendants were obliged to periodically account and make royalty payments to plaintiffs.

**93.** Plaintiffs have never been parties to any agreement and/or contract under which the copyrights to their Compositions would be owned by Defendants.

**94.** To the extent any purported songwriter agreement and/or any other contract exists, within the applicable limitations period, Defendants have failed and refused and continue to fail and refuse to account to plaintiffs for any income derived thereunder or to tender any payments to plaintiffs from any of Defendants' exploitation of the Compositions.

**95.** To the extent that any alleged songwriter agreement is authentic, valid and binding, plaintiffs elect to rescind it and/or any other agreement the Court finds to have been made (if any) pertaining to any of the Compositions and this pleading is notice thereof. Plaintiffs offer to restore to Defendants everything of value they have allegedly received from Defendants under the purported songwriter agreement and demand that Defendants do likewise by restoring to them everything of value it has received.

**96.** Within the applicable period of limitations Defendants have breached any such music publishing agreements by failing to account to plaintiffs for all their writer royalties.

**97.** Defendants have performed all conditions required of them under any such publishing agreement.

**98.** As a direct and proximate result of Defendants breaches, plaintiffs have been damaged in an amount to be determined at trial.

**99.** Plaintiffs seek confirmation of their rescission herein and pursue royalties under any such publishing agreements only in the event the Court declines to confirm their election to rescind.

**As and For A Seventh Cause of Action –**
**Declaratory Judgment**

**100.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**101.** This cause of action arises under 28 U.S.C. § 2201 and the laws of the State of New York.

**102.** Subject matter jurisdiction for this cause of action is based on 28 U.S.C. §§ 1367, 2201 and 2202.

**103.** To the extent applicable, Plaintiffs incorporate by reference the allegations set forth above.

**104.** On or about August 25, 1979 plaintiffs signed a written contract with Sylvia, Inc. ("Sylvia") as recording artists pursuant to which plaintiffs recorded various sound recordings and Sylvia was to account for and pay to plaintiffs royalties accrued to them from the exploitation of the same (the "Artist Agreement.")

**105.** An actual controversy has arisen in that plaintiffs contend they are entitled to two/third of all royalties accrued under the Artist Agreement, whereas Defendants contend that they are entitled to plaintiffs' share of such royalties.

**106.** Plaintiffs are entitled to a judicial declaration setting forth their undivided two/third interests in all royalties accrued under the Artist Agreement.

**107.** To the extent that Defendants have collected any income otherwise due plaintiffs under said Artist Agreement, Plaintiff may amend its complaint to seek recovery of such funds.

**WHEREFORE**, Plaintiffs pray for relief on this Complaint and respectfully request that the Court:

a) Declare that Wright is the owner of the trademark "**Wonder Mike**";

b) Declare that O'Brien is the owner of the trademarks "**Master G**" and "**Master Gee**";

c) Declare that Plaintiffs are the owners of the trademark "**Sugarhill Gang**"

d) Enjoin defendants and their respective officers, agents, servants, employees, attorneys, successors and assignees and all persons in active concert or participation with either, or any of them, from interfering with Plaintiffs right to exploit the trademarks **Wonder Mike, Master G, Master Gee** and **Sugarhill Gang**;

e) Rescind all contracts between plaintiffs or either of them and Defendants or any of them;

f) Order defendants to account to plaintiffs for all exploitation of plaintiffs' recordings;

g) Award plaintiffs a full recovery for defendants' unlawful acts;

h) Award plaintiffs their costs associated with this action, including an award of reasonable attorney's fees for this action;

i) Award plaintiffs any further relief as justice may require, or as this Court deems necessary.

**DEMAND FOR JURY TRIAL**

Plaintiffs Michael Wright p/k/a Wonder Mike and Guy O'Brien p/k/a Master G, collectively p/k/a The Sugarhill Gang hereby, request a jury trial for all claims as provided for in Federal Rule of Civil Procedure 38.

Dated: November 12, 2008
New York, New York

**Baker & Hostetler LLP**

By: ______________________________
Oren J. Warshavsky (OW-9469)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4624
Facsimile: (212) 589-4201
e-mail: owarshavsky@bakerlaw.com.

*Counsel to Plaintiffs*